# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT E. LEE SUPINGER, JR., *Plaintiff,* | CASE NO. 6:15-cv-00017 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA, *ET AL.*, *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon Plaintiff's motion to remand to state court. For the following reasons, Plaintiff's motion will be denied.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this lawsuit in the Circuit Court for the City of Lynchburg. Defendants, pursuant to 28 U.S.C. § 1441, removed the action to this Court. Plaintiff now seeks to have the entire case remanded to state court.

Plaintiff's lawsuit contains thirteen causes of action against multiple defendants.[1] Eight arise under the United States Constitution or federal statute: two claims of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); one claim of retaliation under Title VII; a claim of First Amendment retaliation; a claim of deprivation of constitutional Due Process; a claim of supervisory liability for constitutional violations under 42 U.S.C. § 1983; a claim of racial discrimination under 42 U.S.C. §§ 1981 and 1983; and a claim under the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.* Five claims arise under Virginia state law: a claim under the Government Data Collection and Dissemination Practices Act, Va. Code § 2.2-3800 *et seq.*; a

---

[1] Plaintiff asserts various claims against the Commonwealth of Virginia; the Virginia Department of Motor Vehicles; and against Richard Holcomb, Joseph Hill, Donald Boswell, Jeannie Thorpe, William Anderson, and Tom Penny, both in their individual and official capacities.

claim under the Fraud and Abuse Whistle Blower Protection Act, Va. Code § 2.2-3009; a claim under Va. Code § 40.1-51.2:1; a claim under Va. Code §§ 18.2-152.4–152.5; and a claim of tortious interference with employment.[2]

On November 5, 2015, the Court ordered the parties to submit supplemental briefing answering whether, *inter alia*, the Defendants intended to waive Eleventh Amendment immunity. *See* Docket No. 45.

## II. STANDARD OF REVIEW

Any civil action brought in state court may be removed by a defendant to federal district court if the federal district court had original jurisdiction over the matter. 28 U.S.C. § 1441(a). 28 U.S.C. § 1367(a), which allows district courts to exercise supplemental jurisdiction over accompanying state law claims "that are so related . . . that they form part of the same case or controversy" "applies with equal force to cases removed to federal court as initially filed there . . . ." *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997). District courts may therefore exercise supplemental jurisdiction over state law claims if it has original jurisdiction over related claims.

The exercise of supplemental jurisdiction is, however, discretionary, and federal district courts may decline to exercise supplemental jurisdiction over state law claims if, *inter alia*, "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). "Whether a particular legal issue is 'novel or complex' is a fact-intensive inquiry . . . [I]ssues that have not been addressed by any state court (is a case of first impression), or are currently before a state

---

[2] Plaintiff initially asserted a claim under Va. Code § 2.2-2902.1 but has subsequently withdrawn that claim in its entirety. *See* Docket No. 35, at 42; *see also* Docket No. 47, at 5 n.3. Plaintiff has also withdrawn his First Amendment retaliation claim, his deprivation of Due Process Claim, and his claim under Virginia's Fraud and Abuse Whistle Blower Protection Act as to the Commonwealth of Virginia and the DMV. Plaintiff continues to assert those three claims against other Defendants.

- 2 -

appellate court are appropriately remanded." *Winingear v. City of Norfolk*, C.A. No. 2:12cv560, 2013 WL 5672668, at *1 (E.D. Va. Oct. 16, 2013).

Where a claim that gives rise to federal question jurisdiction[3] is joined with "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute[,]" 28 U.S.C. § 1441(c)(1)(B), "the district court shall sever from the action all claims [over which the court lacks jurisdiction] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). Similarly, if a district court declines to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c), it may remand those state law claims to state court. *See, e.g.*, *Shah v. Hyatt Corp.*, No. 10–1492, 2011 WL 1570598, at *4 (3d Cir. April 27, 2011) (finding no error where district court remanded state law claims over which it declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)); *see also Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[I]n a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice [under § 1367(c)].").

Where, as here, a plaintiff seeks to remand a removed case to state court, defendants have "the burden of demonstrating the existence of federal jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

### III. DISCUSSION

#### A. The Eleventh Amendment Does Not Require a Remand to State Court

Plaintiff argues that this Court is barred by the Eleventh Amendment from hearing some of Plaintiff's claims. According to Plaintiff, because the Eleventh Amendment serves as a

---

[3] Federal question jurisdiction exists under 28 U.S.C. § 1331 if a plaintiff's claims are ones "arising under the Constitution, laws, or treaties of the United States. "28 U.S.C. § 1331.

jurisdictional bar, this Court should remand those immunity-barred claims to state court under either 28 U.S.C. §§ 1441 or 1447.[4]

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state . . . ." In particular, the Amendment provides that "an unconsenting state is immune from suit filed in federal court by a citizen of another state." *Stewart v. North Carolina*, 393 F.3d 484, 488 (4th Cir. 2005).

Defendants correctly emphasize that "[t]he Eleventh Amendment . . . does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. *The State can waive the defense.*" *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (emphasis added).

Here, Defendants make clear that they have chosen not to invoke and instead waive any Eleventh Amendment sovereign immunity defense with regard to Plaintiff's state-law claims. *See* Docket No.48, at 4 ("Defendants cannot and do not raise Eleventh Amendment immunity for Plaintiff's state-law claims . . . ."); *see also* Docket No. 50, at 3–4 (emphasizing that Defendants decline to invoke any Eleventh Amendment sovereign immunity defense). With regard to Plaintiff's federal claims, Congress has abrogated Eleventh Amendment immunity for Title VII claims, *see Fitzpatrick v. Bitzer*, 427 U.S. 445, 456–57 (1976), and the Eleventh Amendment does not extend to constitutional claims against state officials sued in their individual capacities under 42 U.S.C. § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).[5]

---

[4] There is some Fourth Circuit precedent to support Plaintiff's position. In *Roach v. West Virginia Reg'l Jail Corr. Facility Auth.*, 74 F.3d 46 (4th Cir. 1996), the Fourth Circuit held that, where the Eleventh Amendment prevented a district court from exercising jurisdiction over plaintiff's removed claims, the district court was required to remand those claims to state court pursuant to 18 U.S.C. 1447(c). *Id.* at 49. Thus, if the Eleventh Amendment bars this Court from exercising jurisdiction over Plaintiff's claims, a remand to state court may be appropriate under *Roach*.

[5] Defendants Holcomb and Hill do not invoke and instead waive Eleventh Amendment immunity with regard to Plaintiff's Driver's Privacy Protection Act, 18 U.S.C. § 2721.

- 4 -

If Defendant invoked Eleventh Amendment immunity, then a remand of those immunity-barred claims may have been appropriate under *Roach*. Defendant has, however, either waived Eleventh Amendment immunity, or such immunity does not attach, to all of Plaintiff's claims. The Court therefore retains jurisdiction as far as the Eleventh Amendment is concerned, and a remand to state court on those grounds is not warranted.

### B. The Exercise of Supplemental Jurisdiction over Plaintiff's Related State Law Claims is Appropriate

Plaintiff argues that this Court should, pursuant to 28 U.S.C. § 1367(c)(1), decline supplemental jurisdiction over his claim under Virginia Code § 18.2-152.5,[6] because that claim "raises a novel or complex issue of State law." Plaintiff urges the Court to accordingly remand that claim to state court.[7]

Virginia Code § 18.2-152.5 provides that:

> A person is guilty of the crime of computer invasion of privacy when he uses a computer or computer network and intentionally examines without authority any employment, salary, credit or any other financial or identifying information . . .

Va. Code § 18.2-152.5. The statute provides a private right of action by "[a]ny person whose property or person is injured" by violation of the statute, and allows an injured party to "sue . . . and recover any damages sustained and the costs of the suit." Va. Code § 18.2-152.12.

Plaintiff argues that whether Virginia Code § 18.2-152.5 allows for punitive damages is a novel issue of Virginia state law. Plaintiff acknowledges that a Virginia circuit court has addressed whether punitive damages are available under § 18.2-152.5. *See McGladrey & Pullen,*

---

[6] Plaintiff initially argued that the Court should decline to exercise supplemental jurisdiction over his claim under Va. Code § 2.2-2902.1. As discussed, *infra*, Plaintiff has withdrawn that claim and thus his argument is moot.

[7] Plaintiff also argues that, should the Court decline supplemental jurisdiction over any of Plaintiff's state law claims, it must decline jurisdiction over all of Plaintiff's state law claims. This argument is a misreading of 28 U.S.C. § 1367(c)(1) and is easily rejected. This Court may, however, remand to state court any claims over which it declines to exercise supplemental jurisdiction. *See, e.g.*, *Shah v. Hyatt Corp.*, No. 10–1492, 2011 WL 1570598, at *4 (3d Cir. April 27, 2011).

*L.L.P. v. Sharder*, 62 Va. Cir. 401, 411 (Va. Cir. Ct. 2003) (holding that punitive damages are not available under § 18.2-152.5). Plaintiff, however, "disagrees with the reasoning of *McGladery* [sic]" and argues that the case is only "nominal persuasive authority from the lowest court of record in Virginia." Docket No. 20, at 11–12.

Plaintiff's Section 18.2-152.5 claim does not present a novel issue of state law within the meaning of 28 U.S.C. § 1367(c)(1). Although only one Virginia circuit court has addressed whether punitive damages are available under the statute, that seems to be all that is required. *Accord Winingear*, 2013 WL 5672668, at *1 ("[I]ssues that have not been addressed by *any* state court (is a case of first impression) . . . are appropriately remanded.") (emphasis added). In this case, a state court has addressed the issue. Moreover, as Defendants have pointed out, courts in the Eastern and Western Districts of Virginia routinely exercise supplemental jurisdiction over claims under Section 18.2-15.5. *See, e.g.*, *Stultz v. Virginia Dept. of Motor Vehicles*, C.A. No. 7:13CV00589, 2015 WL 4648001 (W.D. Va. Aug. 5, 2015); *Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 631 (E.D. Va. 2009).

Finally, Plaintiff does not seriously dispute that his state law claims are insufficiently related to his federal claims. Plaintiff's state law claims share a common nucleus of operative facts with his federal claims. Supplemental jurisdiction therefore exists.

For the above reasons, Plaintiff's motion to remand to state court will be denied.

Entered this ___1st___ day of December , 2015.

                                         NORMAN K. MOON
                                         UNITED STATES DISTRICT JUDGE