IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT E. LEE SUPINGER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:15-cv-00017 |
| | ) |
| COMMONWEALTH OF VIRGINIA | ) |
| DEPARTMENT OF MOTOR VEHICLES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's motion for leave to file a second amended complaint. Dkt. No. 91. Defendants oppose Plaintiff's motion. Dkt. 93. The matter has been referred to me for report and recommendation under 28 U.S.C. § 636(b)(1)(B). I have considered the parties' briefs, oral arguments, and the applicable law. I **RECOMMEND DENYING IN PART** Plaintiff's motion to amend his complaint.

Background

The facts surrounding Plaintiff's claims are recounted in detail in Judge Moon's memorandum opinion issued on March 2, 2016. See Dkt. No. 81. Briefly summarized, Plaintiff alleges that Defendants' treatment of him during his employment at DMV was unlawfully discriminatory, retaliatory, and in violation of multiple federal and state statutes. Defendants previously moved to dismiss Plaintiff's complaint under Rule 12(b)(6) and Judge Moon granted the motion in part. Judge Moon dismissed Plaintiff's claims regarding Title VII sex discrimination, Title VII retaliation (in part), violation of Plaintiff's First Amendment rights, and

1

a violation of Virginia Code § 40.1-51.2:1. Plaintiff has now filed a proposed amended complaint that he contends includes facts to sufficiently support these four claims. Defendants oppose Plaintiff's motion to amend and argue that the motion to amend should be denied because allowing the amendments would be prejudicial and futile.

Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure states that a plaintiff who has previously amended his complaint may do so again only with the consent of the opposing party or with the court's permission. See Fed. R. Civ. P. 15(a)(2).[1] "The court should freely give leave when justice so requires." Id. "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). "[W]hile the trial court is given discretion to deny amendment, that discretion is limited by the interpretation given Rule 15 in Foman, 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987) (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits" and that absent circumstances indicating undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or

---

[1] Plaintiff's case was removed to this court from the Lynchburg City Circuit Court. Dkt. No. 1. The documents accompanying the notice of removal indicate that Plaintiff previously amended his complaint in state court. Id. Thereafter, Plaintiff sought and was granted leave to amend his complaint in this court on August 28, 2015. Dkt. Nos. 25, 33. Plaintiff filed the pending motion to amend on April 4, 2016. Dkt. No. 91.

2

futility, leave to amend should be freely given). Defendants claim that allowing Plaintiff to amend his complaint would be prejudicial and futile; those arguments will be addressed in turn.

Analysis

a. Prejudice

Defendants' argument that Plaintiff's amendment would be prejudicial is two-fold: Defendants object to the timing of the motion to amend (which was filed the day before Plaintiff's deposition, thus giving Defendants inadequate time to prepare for the deposition) and argue that it is prejudicial because it raises new legal theories on which Defendants were not prepared to depose Plaintiff. Defs.' Br. at 6–7. However, Plaintiff's proposed amended complaint does not, as Defendants suggest, raise completely novel and/or complex legal issues. All of the claims Plaintiff seeks to revive by amendment were already known to Defendants when they briefed and argued their motion to dismiss these claims in early 2016.

Defendants also argue that Plaintiff could have filed his motion to amend "well in advance of his deposition" and that their "inability to question Supinger on [the amended] topics will unduly prejudice their ability to defend themselves." Id. at 7. However, Plaintiff's new counsel entered this case on January 27. Dkt. Nos. 72, 73. The district court entered its opinion granting the motion to dismiss in part on March 2. Dkt. No 81. Plaintiff filed his motion to amend (along with the proposed amended complaint) on April 4. Dkt. No 91. A gap of less than thirty days is neither undue nor prejudicial to Defendants when discovery closes on September 7, 2016 and trial begins on December 6, 2016. This timeline and proposed amendments are not examples of a "'new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, that] is offered shortly before or during trial'" that might be considered an unduly prejudicial amendment. Laber, 438 F.3d at 427 (quoting Johnson, 785

3

F.2d at 509). All of the claims Plaintiff seeks to amend were included in the complaint that was the subject of the motion to dismiss. The new facts included in the proposed amended complaint are not particularly voluminous or complex, and Defendants have ample time to depose Plaintiff again, should that prove necessary. I find that there is no undue delay in Plaintiff's filing of the motion to amend and that the amendments, if granted, would not unduly prejudice Defendants.

    b. Futility

"A motion to amend is futile where, *inter alia*, the amended pleading would not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Brown v. Winman, 2016 WL 868193, at *1 (E.D.N.C. Mar. 7, 2016) (citing Perkins v. United States, 848 F. Supp. 1236, 1241 (S.D. W. Va. 1994)); see also Wootten v. Commonwealth, No. 6:14cv00013, 2015 WL 1943274, at *2 (W.D. Va. Apr. 29, 2015) (holding that a court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss for failure to state a claim).

    i. Title VII Sex Discrimination

Generally, to prevail on a Title VII sex discrimination claim, a plaintiff must prove that (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of that adverse employment action; and (4) that his position was filled by someone outside of the plaintiff's protected class. Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005). Judge Moon dismissed Plaintiff's claim for Title VII sex discrimination because his transfer to the Fuel Tax Enforcement Division ("FTED") was not an adequate adverse employment action for purposes of Title VII. See Dkt. No. 81, 10–11. Judge Moon specifically considered Plaintiff's allegations that a transfer to the FTED would impact Plaintiff by causing him to lose his opportunity for

4

advancement at DMV, that it would require extensive travel and substantial work outside of normal business hours, and that the transfer would place Plaintiff under the supervision of Special Agent in Charge ("SAC") William Bralley, who had a close business and personal relationship to PST Jennifer Dawson. Id. at 10. Judge Moon granted the motion to dismiss because Plaintiff failed to plead with any specificity how the transfer would deny him opportunity for promotion, because a requirement to travel and work outside of normal business hours were not outside of Plaintiff's required job duties before the transfer, and because he failed to articulate why working under Bralley would be a significant detriment. Id. at 10–11.

In his proposed amended complaint, Plaintiff has added the following facts: the transfer would require him to relocate to Hampton, a city more than three hours away from Lynchburg (Prop. Am. Compl. ¶ 70); that when Bralley became Plaintiff's supervisor, he "removed Supinger's authority as a supervisor; in effect demoting Supinger to a special agent" (Prop. Am. Compl. ¶ 76); that Bralley hired Dawson because he had a sexual relationship with her (Prop. Am. Compl. ¶ 75)[2]; and that Bralley "routinely tried to issue Supinger counseling letters but would be forced to retract them when Supinger proved he was wrong." Prop. Am. Compl. ¶ 77.

During the hearing on this motion, Plaintiff's counsel clarified two points: (1) that Plaintiff's experience with Bralley's supervision occurred before his transfer to the FTED and (2) that Plaintiff voluntarily chose a transfer to the Hampton location of the FTED to avoid working under Bralley again. Following the transfer to the Hampton FTED, Plaintiff alleges no actual adverse employment action as a result of the transfer. Plaintiff did not actually work under Bralley again post-transfer, and his claims of an adverse employment action as a result of the move were speculative at best.

---

[2] The reason Bralley initially hired Dawson (whether sexual or otherwise) is completely irrelevant to Plaintiff's claim for Title VII discrimination.

5

Plaintiff's claim during the hearing that he requested this transfer to Hampton only when given the Hobson's choice of working under Bralley or transferring to Hampton is contradicted by the fact that Plaintiff originally requested a transfer to Hampton on October 28, 2011, nearly one year before Defendants announced on August 22, 2012 that he would be transferred to the FTED. See Defs.' Ex. A at Dkt. No. 93-1.[3] Defendants did not move Plaintiff to the Hampton location unilaterally; they did so at Plaintiff's request. Any attempt to amend this claim now would be futile because (1) Plaintiff alleges no actual adverse employment action as a result of his transfer to the FTED and (2) he cannot claim that his move to Hampton was an adverse retaliatory action because he initially requested that move before any retaliation could have been taken against him. Accordingly, I **RECOMMEND DENYING** the motion to amend on this claim.

ii. Title VII Retaliation

A plaintiff establishes a *prima facie* case of Title VII retaliation when he alleges (1) that he engaged in a protected activity; (2) that his employer took an adverse action against him; and (3) that a causal relationship existed between the protected activity and the adverse employment action. Foster v. University of Maryland-Eastern Shore, 787 F.3d 243, 250 (4th Cir. 2015). The adverse employment action in this context is not necessarily a change in the terms and conditions

---

[3] Though courts generally do not consider extrinsic evidence on a motion to dismiss under Rule 12(b)(6), we may consider documents attached to the complaint and "those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Here, Plaintiff's Exhibit 6 to the Proposed Amended Complaint is a letter from one of the defendants to Senator Carrico discussing Plaintiff's transfer to the FTED and explaining that Plaintiff requested a renewal of his previous request for a transfer to the Hampton Division. Defendants' Exhibit A to their motion opposing amendment to the complaint is an email Plaintiff wrote to his supervisors at DMV requesting a transfer to Hampton in October 2011. Exhibit B is a second email exchange between Plaintiff and Defendants renewing and granting that request in August 2012.The timing of the transfer request and whether Plaintiff initiated the request was raised in Plaintiff's Exhibit 6 and clarified by Defendants' Exhibits A and B. Plaintiff does not contest the authenticity of Defendants' exhibits and these issues are integral to the complaint. Thus, at the motion to amend stage, I find it appropriate to consider these exhibits.

of employment; it is an action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Judge Moon held that Plaintiff satisfactorily alleged a *prima facie* case of Title VII discrimination on his claim that Defendants suspended and terminated him because he filed discrimination charges with the EEOC and used Defendants' informal grievance procedure to complain about discrimination. Dkt. No. 81 at 18. The court also held that Plaintiff's claims that his transfer to the FTED and the issuance of an accusatory letter were not indicative of Title VII retaliation because Plaintiff failed to allege Defendants took these actions because Plaintiff engaged in a protected activity. Plaintiff argues that he has now stated sufficient facts to support his contention that the transfer to the FTED and the issuance of the accusatory letter were actions taken in retaliation for his protected activity, namely, his filing of an EEOC charge.

Transfer to the Fuel Tax Enforcement Division

Nowhere does Plaintiff allege facts to support his contention that his transfer to the FTED (announced in August of 2012) was in retaliation for his filing of an internal grievance and an EEOC charge about the Waynesboro transfer (filed, presumably, at some point after April 6, 2012). Proposed Am. Compl. ¶ 39–48. Plaintiff's complaint does not state when he filed this EEOC charge or when Defendants became aware of the charge.[4] Proposed Am. Compl. ¶ 48. He alleges only that he made the charge and grievance and alleged that the Waynesboro transfer was discriminatory.

Plaintiff's complaints about the Waynesboro transfer began in March and April of 2012. Plaintiff's transfer to the FTED was announced in August 2012. In between those time periods,

---

[4] Plaintiff's reply states that he filed the charge on April 14, 2012. Dkt. No. 105 at 4. This date is not in the proposed amended complaint.

7

Plaintiff also alleges that he made multiple complaints about workplace safety and Dawson's behavior, that he visited multiple elected officials to talk to them about issues at the DMV, and that he called the Virginia Fraud, Waste and Abuse Hotline. Proposed Am. Compl. ¶ 55–70. There is no factual basis in the proposed amended complaint to support the bald assertion that Defendants transferred Plaintiff to the FTED in August 2012 <u>because</u> he filed a grievance and EEOC charge at some point in March or April 2012. Proposed Am. Compl. ¶ 168. Simply alleging a temporal relationship between the events is insufficient, though Plaintiff has not even done that here. As Judge Moon wrote in his memorandum opinion, "a plaintiff may raise a presumption of causation by showing that the employer had knowledge of the protected activity and that the adverse action occurred soon thereafter." Dkt. No. 81 at 14 (quoting <u>Vance v. Chao</u>, 496 F. Supp. 2d 182, 186 (D.D.C. 2007) (internal citations omitted)). However, "a gap of three to four mounts of temporal proximity has been held insufficient, standing alone, to establish causation." <u>Rigg v. Urana</u>, No. 1:14cv1093, 2015 WL 3904993, at *3 (M.D.N.C. June 25, 2015) (citing <u>Shields v. Fed. Express Corp.</u>, 120 Fed. App'x 956, 963 (4th Cir. 2005). In the proposed amended complaint, we have only a tenuous temporal relationship (because Plaintiff does not allege the date on which he made the grievance and EEOC charge) and no allegation that Defendants even knew that Plaintiff had filed this EEOC charge before announcing Plaintiff's transfer.[5] Plaintiff has offered no additional facts to support his causation theory, and allowing the proposed amendments on this issue would be futile.

Accusatory Letter

Plaintiff also alleges that Defendants issued a letter accusing him of violating the workplace harassment policy and the standards of conduct in violation of applicable policies.

---

[5] The court assumes Defendants must have known about the grievance Plaintiff filed as it was an internal process. However, there is still no factual support (other than the timing of the two events) for the conclusion that the filing of this grievance triggered Plaintiff's transfer to FTED.

8

Proposed Am. Compl. ¶ 52. However, Plaintiff also fails to allege how the issuance of this letter was triggered by his protected Title VII activity. Plaintiff again alleges, as he had done in his previous complaint, that he "initiated a grievance relating to the allegation letter, asserting that it had been issued in retaliation for his reporting fraud, waste and/or abuse." Proposed Am. Compl. ¶ 54. Nowhere does Plaintiff allege that this letter was issued based on his filing of the EEOC charge or some other protected activity. In fact, he clearly alleges the letter was issued in retaliation for complaints he made about fraud, waste, and abuse. The facts remain substantially the same now as they were at the time Judge Moon ruled on the previous motion to dismiss. "Supinger's complaints to the [fraud, waste, and abuse hotline] about Dawson's threat to public safety and Hill's violation of state policy prohibiting gifts is not about protected activity under Title VII. Supinger has therefore again failed to allege that Defendants drafted the letter because he engaged in protected activity under Title VII." Dkt. No. 81 at 18. The same conclusion applies to the proposed amended complaint and the amendment of this claim is therefore futile. Accordingly, I **RECOMMEND DENYING** the motion to amend this claim.

iii. First Amendment Retaliation

A plaintiff alleging a First Amendment retaliation claim must allege that (1) a public employee spoke as a citizen on a matter of public concern[6]; (2) that the employee's interest in speaking upon the matter of public concern outweighed the government's interest in providing effective and efficient service to the public; and (3) that the employee's speech was a substantial factor in his employer's decision to terminate him. McVey v. Stacy, 157 F.3d 271, 277–78 (4th Cir. 1998). Speech about personal grievances or conditions of employment do not constitute speech about matters of public concern. Stroman v. Colleton County Sch. Dist., 981 F.2d 152,

---

[6] The first prong is two-fold. A plaintiff must allege that he (a) spoke as a citizen (and not an employee) and (b) that the topic of the speech was a matter of public concern. Hunter v. Town of Mocksville, 789 F.3d 389, 397 (4th Cir. 2015).

9

156 (4th Cir. 1992). Whether an employee's speech is about a matter of public concern "must be determined by the content, form, and context of a given statement." Connick v. Myers, 461 U.S. 138, 147–48 (1983).

In his previous complaint, Plaintiff did not include any specific examples of the speech that formed the basis of his complaint and Judge Moon repeatedly noted the absence of any sort of factual basis upon which the court could evaluate whether the statements were about matters of public concern. See, e.g., Dkt. No. 81 at 20, 21. In his proposed amended complaint, Plaintiff has included multiple emails containing the precise content, context, and speech at issue in his First Amendment claim. See Exhibits at Dkt. No. 91-1. Given the general policy in favor of deciding cases on their merits and the instruction that leave should be freely given when an amended complaint is not clearly futile, I **RECOMMEND** that Plaintiff's motion to amend his complaint on this issue be **GRANTED**.

Defendants argue that Judge Moon has already ruled on this issue in the companion case of Wootten v. Commonwealth, No. 6:14-cv-13, and that given the similarity in the claims and parties involved, an amendment in this case would be futile. However, the holdings in the companion case are not necessarily dispositive to the issues in this case. In Wootten, the plaintiff's speech and her involvement in the meetings with public officials was admittedly limited. See Wootten Dkt. No. 146 at 2–3. Judge Moon also found that Wootten's biggest problem in her First Amendment claim was her failure to adequately allege causation (i.e., that her speech was a "but for" cause of her termination). Id. at 5. Wootten failed to allege who knew what and when regarding her conversations with legislators and she failed to allege that the people with authority to terminate her employment were the same people who confronted her about her meetings with legislators. Wootten also did not include the exact speech at issue; her

10

evidence consisted of an affidavit (Wootten Dkt. No. 120-1) and deposition testimony (Wootten Dkt. No. 111-4) containing her recollection of what she said to legislators. However, in another related case involving some of the same actors and similar allegations – Stultz v. Commonwealth, No. 7:13-cv-589 – Chief Judge Conrad held that the plaintiff's allegations about his speech to the same legislators about some of the same topics was "sufficient to withstand review under Rule 12(b)(6)" despite the fact that the plaintiff had not included his precise statements or communications that were at issue. Stultz v. Commonwealth, No. 7:13-cv-589, 2015 WL 4648001, at *8 (W.D. Va. Aug. 5, 2015).

Here, Plaintiff has included in his proposed amended complaint multiple emails containing the precise content and context of the speech that forms the basis of his claims. Whether the inclusion of these additional facts is enough to survive a motion to dismiss is unclear. This lack of clarity leads me to conclude that amendment on this issue would not be plainly futile. Accordingly, I **RECOMMEND GRANTING** Plaintiff's motion to amend this count.

   iv. Va. Code § 40.1-51.2:1

Virginia Code § 40.1-51.2:1 states that "[n]o person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others." Section 40.1-51.2:2 provides the remedy for a violation of this section and requires that an "employee who believes that he or she has been discharged or otherwise discriminated against by any person in violation of § 40.1-51.2:1 may, within 60 days after such violation occurs, file a complaint with the Commissioner alleging such discharge or discrimination. The employee shall be prohibited from seeking relief under this section if he fails

11

to file such complaint within the 60-day time period." Similar to the EEOC process, the Commissioner is tasked with investigating the complaint and deciding whether to issue a charge against the discriminator. If the Commissioner refuses to issue a charge, the employee may bring suit himself. Failure to exhaust these remedies bars an employee's claim. See Bass v. E.I. Dupont de Demours & Co., 28 Fed. App'x 201, 205 (4th Cir. 2002) (per curiam); Judy v. Nat'l Fruit Prod. Co., 40 Va. Cir. 244, 244–45 (Va. Cir. Ct. 1996).

Judge Moon previously dismissed this claim because Plaintiff "failed to allege that he filed a complaint with the Commissioner or that the Commissioner refused to issue a charge of discrimination." Dkt. No. 81 at 31. Thus he had failed to exhaust his administrative remedies.

In the proposed amended complaint, Plaintiff alleges that he "complained to the Virginia Department of Labor and Industry Standards" about workplace health and safety violations. Proposed Am. Compl. ¶ 216. He alleges Defendants retaliated against him for complaining by transferring him twice and terminating his employment. Id. ¶ 218, 219.

Pursuant to Va. Code § 40.1-52.2:2, Plaintiff alleges he filed a complaint about workplace violence and retaliation with the United States Department of Labor Occupation Safety & Health Administration ("OSHA") on March 3, 2013. Id. ¶ 221. Several months later, a representative of the Virginia Occupation Safety & Health Administration ("VOSHA") contacted him about his complaint. Id. ¶ 222. Plaintiff was unhappy with VOSHA's handling of his complaint and on September 17, 2013, he requested that his complaint be transferred to OSHA instead. Id. ¶ 223. On October 1, 2013, Plaintiff received notice that his VOSHA case was being closed because of the transfer to OSHA. Plaintiff requested that the case not be closed to no avail. Id. ¶ 226, 227.

In the proposed amended complaint, Plaintiff again fails to adequately allege that he has exhausted his administrative remedies. First, he alleges that on March 3, 2013, he filed a complaint with OSHA, not the Commissioner of Labor and Industry, as required by Va. Code. § 40.1-51.2:2.[7] Second, the transfers that Plaintiff alleges were the retaliatory discriminatory actions for purposes of this count occurred on March 16, 2012 (the transfer to Waynesboro) and late August 2012 (the transfer to the FTED), thus they are outside the statutory sixty-day window for filing a complaint. Plaintiff has not exhausted his administrative remedies for the allegedly retaliatory transfers. Defendants notified Plaintiff of his termination on April 9, 2013, which was within the sixty-day complaint window. Thus the only possible retaliatory and discriminatory act that Plaintiff could have timely raised in his complaint to the Commissioner was his termination. Third, and most importantly, Plaintiff requested that his case, once opened by VOSHA, be transferred out of VOSHA to OSHA. Thus the Commissioner never issued a refusal and Plaintiff did not exhaust his administrative remedies. Plaintiff's proposed amended complaint attempts to explain this failure, but it does not cure it. Accordingly, the motion to amend on this ground would be futile and should be denied.

Plaintiff's reply argues that "Supinger would have exhausted his administrative remedies without [filing his complaint] as well. Pursuant to subsection E of Section 16 VAC 25-60-30, Section 40.1-15[sic].2:2 of the Code of Virginia 'shall apply to public employers <u>other than the Commonwealth and its agencies</u>.'" Dkt. No. 105 at 12 (emphasis added). However, if the exhaustion requirement of Va. Code § 40.1-51.2:2 does not apply to Plaintiff as a public employee, then the remedy authorized under that code provision would likewise not apply to

---

[7] Va. Code § 40.1-2 defines "Commissioner" as "the Commissioner of Labor and Industry" or his authorized representatives.

13

Plaintiff.[8] Other than this single reference to the administrative code, Plaintiff has cited no support for his proposition that public employees are exempt from the general requirement that a potential plaintiff exhaust his administrative remedies before filing suit, and I have found none. Finally, in the context of this case, Judge Moon has already implicitly held that Plaintiff was required to exhaust such remedies and his failure to do so would bar his suit. Accordingly, I **RECOMMEND DENYING** Plaintiff's motion to amend on these grounds.

Conclusion

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **DENYING** Plaintiff's motion to amend his complaint as to the Title VII sex discrimination, the Title VII retaliation, and the claim for a violation of Va. Code § 40.1-51.2:1 and **GRANTING** Plaintiff's motion to amend as to his First Amendment retaliation claim.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive on the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well

---

[8] "Under Virginia law, '[when] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise.'" Bass v. E.I. Dupont De Nemours & Co., 28 F. App'x 201, 205 (4th Cir. 2002). "Bass must satisfy the requirements of Va. Code § 40.1–51.2:2 before initiating a lawsuit. Because she has not done so, her claim was appropriately dismissed." Id. See also Reiterman v. Costco Wholesale Mgmt., 2005 U.S. Dist. LEXIS 15219, at *10 (W.D. Va. July 28, 2005) (holding that Rieterman's claim under Va. Code § 40.1-51.2:1 fails because that statute requires a claimant to file a complaint with the Commissioner of Labor and Industry within sixty days of the alleged discrimination as a prerequisite to filing a complaint with the court, and there is no indication that Reiterman ever exhausted her administrative remedies. The court therefore dismisses these claims.").

as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

                              Entered: June 2, 2016

*Robert S. Ballou*
Robert S. Ballou
United States Magistrate Judge